IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02512-DME-BNB

FREDERICK J. CARBERRY,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a/k/a METLIFE,

Defendant.

**ORDER**

This matter arises on the plaintiff's **Motion for Leave to Serve Written Discovery** [Doc. # 17, filed 3/15/2010](the "Motion"). I held a hearing on the Motion on March 30, 2010, and took the matter under advisement. The Motion is GRANTED.

This is a long-term disability insurance case governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"). Defendant MetLife serves as both insurer and claim administrator. Consequently, MetLife's decision denying the plaintiff's claim for long-term disability benefits must be reviewed under the deferential arbitrary and capricious standard.

The plaintiff seeks leave to conduct limited written discovery concerning the conflict of interest arising as a result of MetLife's dual role as insurer and claim administrator. In particular, the plaintiff seeks to serve interrogatories and production requests probing any financial incentives which may have influenced MetLife's employees and outside medical professionals who reviewed the plaintiff's claim and/or participated in MetLife's coverage

decision.

The plaintiff relies on the Supreme Court's decision in Metropolitan Life Ins. Co. v. Glenn, --U.S.--, 128 S.Ct. 2343 (2008), in support of his request for discovery. In Glenn, the Supreme Court concluded that a conflict of interest exists where "a plan administrator both evaluates claims for benefits and pays benefits claims. . . ." Id. at 2348-49. The Court found that this conflict "should be weighed as a factor in determining whether there is an abuse of discretion." Id. at 2350. However, the Court failed to establish a procedure to weigh factors, stating instead:

> Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts--which themselves vary in kind and in degree of seriousness--for us to come up with a one-size-fits-all procedural system that is likely to promote fair and accurate review.
> \* \* \*
> The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including but not limited to, cases where an insurance company administrator has a history of biased claims administration. . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

Id. at 2351.

Although the Supreme Court's decision in Glenn resolved the issue of the standard of review to be applied in administrator conflict cases, it created uncertainty about whether courts should allow discovery to probe the importance or seriousness of the conflict:

> Prior to Glenn, courts reviewing an administrator's denial of benefits generally restricted themselves to a review of the

> administrative record, except in limited circumstances. Since
> Glenn, plaintiffs have argued, with varying degrees of success, that
> the standard set forth in Glenn requires discovery by the
> beneficiary to determine whether and to what extent an
> administrator's conflict of interest played a part in a denial of
> benefits.

Elizabeth J. Bondurant, *Standard of Review and Discovery After Glenn: The Effect of the Glenn Standard of Review on the Role of Discovery In Cases Involving Conflicts of Interest*, 77 DEF. COUNS. J. 120, 124-25 (Jan. 2010).

Following Glenn, courts in this district generally have allowed limited discovery addressed to the conflict issue. For example, in Kohut v. Hartford Life and Accident Ins. Co., 2008 WL 5246163 (D. Colo. Dec. 16, 2008), the court described the conflicting law concerning discovery in ERISA cases subject to the arbitrary and capricious standard:

> Tenth Circuit law is conflicted on the permissible scope of
> discovery in cases governed by te deferential standard of review.
> On the one hand, the Tenth Circuit has repeatedly, and without
> apparent equivocation, held that in reviewing a plan
> administrator's decision under the arbitrary and capricious
> standard, the federal courts are limited to the administrative
> record--the materials compiled by the administrator in the course
> of making his decision. . . .
>
> On the other hand, the Tenth Circuit holds that, under the
> "arbitrary and capricious" standard of review, the district courts
> must determine whether a plan administrator's interpretation of a
> plan was reasonable and made in good faith.

Id. at **10-11 (internal quotations and citations omitted). The court allowed discovery on the conflict issue, concluding:

> This Court finds that, in the face of the Tenth Circuit's conflicted
> authority, the Court's apparent prohibition on extra-record
> discovery must be read as applying only to that discovery directed
> at uncovering additional evidence of a claimants eligibility for
> benefits.

Id. at *12. Accord Almeida v. Hartford Life and Accident Ins. Co., 2010 WL 743520 (D. Colo. March 2, 2010) (allowing discovery concerning incentive, bonus and compensation practices of Hartford's independent medical reviewers; the number of reviews performed by the reviewers; the average fee earned; the outcome of the claims where the reviewers were consulted; the gross monetary compensation; amounts paid for the review on the plaintiff's file; and whether employee compensation is related to benefits determination); Beard v. Wachovia Corp., 2009 WL 2140225 (D. Colo. July 16, 2009)(finding that "courts in this district and in other districts have allowed limited discovery for the purpose of determining the scope of a conflict of interest," and allowing such discovery). See also Hoyt v. The Prudential Ins. Co. of America, 2008 WL 686922 (D. Colo. March 12, 2008)(a pre-Glenn case, finding that "a blanket prohibition on discovery in ERISA cases" is not appropriate or required; prohibiting discovery "directed to the factual merits of [the plaintiff's] claim"; and allowing "limited discovery related to the alleged bias" of the insurer's reviewing physician).

I agree that limited discovery narrowly directed at the conflict of interest issue should be allowed. The kind of information sought here--including the annual compensation received from MetLife by each reviewing doctor and the number of cases referred to them by MetLife--is relevant to the conflict issue. More importantly, such systemic information--which may go far beyond any one case--cannot be derived from a particular administrative record.

The conflict of interest issue is specifically identified in Glenn as being of "great" or "vanishing" importance depending on the circumstances, but it may be impossible to evaluate those circumstances without extra-record information. Thus, a doctor's review contained in the administrative record may appear appropriate, but evidence of bias or a conflict because the

doctor is paid more for reviews indicating no disability, or conducts an unreasonably large number of reviews, or his reviews are unreasonably brief, or he depends on MetLife for virtually all of his annual income, may be uncovered only by extra-record discovery.

I have reviewed the discovery proposed to be taken by the plaintiff. I find that it is limited, narrowly tailored to the conflict issue,[1] and seeks information relevant to issues in the case or reasonably calculated to lead to the discovery of admissible evidence.

IT IS ORDERED that the Motion is GRANTED. The plaintiff may serve the written discovery attached to the Motion [Doc. # 17-4].

Dated April 9, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] In addition to the discovery directed to the conflict issue, Interrogatory No. 7 seeks information concerning the authenticity of materials contained in the administrative record. That inquiry seeks relevant information and is appropriate.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02512-DME-BNB

FREDERICK J. CARBERRY,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a/k/a METLIFE,

Defendant.

___

**ORDER**

___

This matter arises on the plaintiff's **Motion for Leave to Serve Written Discovery** [Doc. # 17, filed 3/15/2010](the "Motion"). I held a hearing on the Motion on March 30, 2010, and took the matter under advisement. The Motion is GRANTED.

This is a long-term disability insurance case governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"). Defendant MetLife serves as both insurer and claim administrator. Consequently, MetLife's decision denying the plaintiff's claim for long-term disability benefits must be reviewed under the deferential arbitrary and capricious standard.

The plaintiff seeks leave to conduct limited written discovery concerning the conflict of interest arising as a result of MetLife's dual role as insurer and claim administrator. In particular, the plaintiff seeks to serve interrogatories and production requests probing any financial incentives which may have influenced MetLife's employees and outside medical professionals who reviewed the plaintiff's claim and/or participated in MetLife's coverage

decision.

The plaintiff relies on the Supreme Court's decision in Metropolitan Life Ins. Co. v. Glenn, --U.S.--, 128 S.Ct. 2343 (2008), in support of his request for discovery. In Glenn, the Supreme Court concluded that a conflict of interest exists where "a plan administrator both evaluates claims for benefits and pays benefits claims. . . ." Id. at 2348-49. The Court found that this conflict "should be weighed as a factor in determining whether there is an abuse of discretion." Id. at 2350. However, the Court failed to establish a procedure to weigh factors, stating instead:

> Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts--which themselves vary in kind and in degree of seriousness--for us to come up with a one-size-fits-all procedural system that is likely to promote fair and accurate review.
> \* \* \*
> The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including but not limited to, cases where an insurance company administrator has a history of biased claims administration. . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

Id. at 2351.

Although the Supreme Court's decision in Glenn resolved the issue of the standard of review to be applied in administrator conflict cases, it created uncertainty about whether courts should allow discovery to probe the importance or seriousness of the conflict:

> Prior to Glenn, courts reviewing an administrator's denial of benefits generally restricted themselves to a review of the

> administrative record, except in limited circumstances. Since
> <u>Glenn</u>, plaintiffs have argued, with varying degrees of success, that
> the standard set forth in <u>Glenn</u> requires discovery by the
> beneficiary to determine whether and to what extent an
> administrator's conflict of interest played a part in a denial of
> benefits.

Elizabeth J. Bondurant, *Standard of Review and Discovery After Glenn: The Effect of the Glenn Standard of Review on the Role of Discovery In Cases Involving Conflicts of Interest*, 77 DEF. COUNS. J. 120, 124-25 (Jan. 2010).

Following <u>Glenn</u>, courts in this district generally have allowed limited discovery addressed to the conflict issue. For example, in <u>Kohut v. Hartford Life and Accident Ins. Co.</u>, 2008 WL 5246163 (D. Colo. Dec. 16, 2008), the court described the conflicting law concerning discovery in ERISA cases subject to the arbitrary and capricious standard:

> Tenth Circuit law is conflicted on the permissible scope of
> discovery in cases governed by te deferential standard of review.
> On the one hand, the Tenth Circuit has repeatedly, and without
> apparent equivocation, held that in reviewing a plan
> administrator's decision under the arbitrary and capricious
> standard, the federal courts are limited to the administrative
> record--the materials compiled by the administrator in the course
> of making his decision. . . .
>
> On the other hand, the Tenth Circuit holds that, under the
> "arbitrary and capricious" standard of review, the district courts
> must determine whether a plan administrator's interpretation of a
> plan was reasonable and made in good faith.

<u>Id</u>. at \*\*10-11 (internal quotations and citations omitted). The court allowed discovery on the conflict issue, concluding:

> This Court finds that, in the face of the Tenth Circuit's conflicted
> authority, the Court's apparent prohibition on extra-record
> discovery must be read as applying only to that discovery directed
> at uncovering additional evidence of a claimants eligibility for
> benefits.

Id. at *12. Accord Almeida v. Hartford Life and Accident Ins. Co., 2010 WL 743520 (D. Colo. March 2, 2010) (allowing discovery concerning incentive, bonus and compensation practices of Hartford's independent medical reviewers; the number of reviews performed by the reviewers; the average fee earned; the outcome of the claims where the reviewers were consulted; the gross monetary compensation; amounts paid for the review on the plaintiff's file; and whether employee compensation is related to benefits determination); Beard v. Wachovia Corp., 2009 WL 2140225 (D. Colo. July 16, 2009)(finding that "courts in this district and in other districts have allowed limited discovery for the purpose of determining the scope of a conflict of interest," and allowing such discovery). See also Hoyt v. The Prudential Ins. Co. of America, 2008 WL 686922 (D. Colo. March 12, 2008)(a pre-Glenn case, finding that "a blanket prohibition on discovery in ERISA cases" is not appropriate or required; prohibiting discovery "directed to the factual merits of [the plaintiff's] claim"; and allowing "limited discovery related to the alleged bias" of the insurer's reviewing physician).

I agree that limited discovery narrowly directed at the conflict of interest issue should be allowed. The kind of information sought here--including the annual compensation received from MetLife by each reviewing doctor and the number of cases referred to them by MetLife--is relevant to the conflict issue. More importantly, such systemic information--which may go far beyond any one case--cannot be derived from a particular administrative record.

The conflict of interest issue is specifically identified in Glenn as being of "great" or "vanishing" importance depending on the circumstances, but it may be impossible to evaluate those circumstances without extra-record information. Thus, a doctor's review contained in the administrative record may appear appropriate, but evidence of bias or a conflict because the

4

doctor is paid more for reviews indicating no disability, or conducts an unreasonably large number of reviews, or his reviews are unreasonably brief, or he depends on MetLife for virtually all of his annual income, may be uncovered only by extra-record discovery.

I have reviewed the discovery proposed to be taken by the plaintiff. I find that it is limited, narrowly tailored to the conflict issue,[1] and seeks information relevant to issues in the case or reasonably calculated to lead to the discovery of admissible evidence.

IT IS ORDERED that the Motion is GRANTED. The plaintiff may serve the written discovery attached to the Motion [Doc. # 17-4].

Dated April 9, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] In addition to the discovery directed to the conflict issue, Interrogatory No. 7 seeks information concerning the authenticity of materials contained in the administrative record. That inquiry seeks relevant information and is appropriate.