IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02512-DME-BNB

FREDERICK J. CARBERRY,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a/k/a METLIFE,

Defendant.
_____

# ORDER
_____

This matter arises on the following motions:

(1)     **MetLife's Opposed Motion for Leave to Amend Answer By Adding Affirmative Defense** [Doc. # 23, filed 4/2/2010] (the "Motion to Amend");

(2)     **MetLife's Opposed Motion for Protective Order Staying Discovery Until After the Court Rules on MetLife's Release Defense** [Doc. # 27, filed 4/12/2010] (the "Motion to Stay"); and

(3)     **MetLife's Opposed Motion to Consolidate the Consideration of Its Motion for Protective Order Staying Discovery With Its Motion to Amend** [Doc. # 29, filed 4/12/2010] (the "Motion to Consolidate Hearing").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

I.

The plaintiff resists MetLife's Motion to Amend, arguing that the addition of a defense of release would be futile. In General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 at *4 (D. Colo. June 20, 2008), the court noted in response to a similar argument:

> [A] futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.

I cannot say as a matter of law and based on the record now before me that the defense of release necessarily is futile. Here, as in the General Steel case, the legal sufficiency of the defense is better tested once it has been asserted and not in opposition to a motion to amend. The Motion to Amend is granted.

II.

MetLife seeks to stay discovery in this case until the court can rule on the issue of whether the release bars the plaintiff's disability claim. The federal rules of civil procedure do not provide for the stay of proceedings while a dispositive motion is pending. Instead, Rule 1 instructs that the federal rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to make any order necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the

> court; (4) the interests of persons not parties to the civil litigation;
> and (5) the public interest.

FDIC v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident , LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The determination of dispositive motions can take months. In addition, dispositive motions are denied far more often than they result in the termination of a case. Consequently, without attempting to prejudge the strength of MetLife's release argument, it is statistically more likely that a stay of discovery pending a ruling on the release issue would prove unnecessary and delay the ultimate resolution of the case. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> \* \* \*
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

A defendant always is burdened when it is sued; that is a consequence of our judicial system and the rules of civil procedure. The burden on the defendant here, where I have allowed very limited and narrowly focused discovery, is not great or special.

It generally is the policy in this district not to stay discovery pending the ruling on dispositive motions.

Finally, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied.

III.

IT IS ORDERED that the Motion to Amend [Doc. # 23] is GRANTED. The Clerk of the Court is directed to accept for filing the Amended Answer of Metropolitan Life Insurance Company [Doc. # 23-1].

IT IS FURTHER ORDERED that the Motion to Stay [Doc. # 27] is DENIED.

IT IS FURTHER ORDERED that the Motion to Consolidate Hearing [Doc. # 29] is GRANTED.

Dated April 26, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge